IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA           *

v.                                 *
                                        CRIMINAL NO.: WDQ-08-0086
SEAN FRAZIER                       *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Sean Frazier pled guilty to a racketeering conspiracy and was sentenced to 135 months imprisonment. Pending is Frazier's motion to reduce his sentence based on the reduced Sentencing Guidelines for cocaine base ("crack") offenses. For the following reasons, the motion will be denied.

I.   Background

Frazier was a member of the TTP Bloods gang. ECF No. 523 at 11 (plea agreement). He participated in a conspiracy to distribute and possess with intent to distribute controlled substances; it was reasonably foreseeable to him that the conspiracy involved at least 150 grams, but less than 500 grams, of cocaine base. *Id.* at 13. In addition to drug trafficking, Frazier was also involved in gang violence and supplying firearms to other criminals. *See id.* at 14-15.

On April 9, 2009, Frazier pled guilty to a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). *See id.* at 1; ECF No. 1135-3 (rearraignment transcript). The plea was under Fed. R. Crim. P. 11(c)(1)(C) (a "C plea"). *See* ECF Nos. 523 at 5; 1135-3 at 7.

Using the drug quantity table of the Sentencing Guidelines, the plea agreement calculated an offense level. *See* ECF No. 523 at 4; *see also* U.S.S.G. § 2D1.1(c) (2008). The agreement did not calculate a criminal history category or include an applicable sentencing range. *See* ECF No. 523 at 4-5. The parties stipulated to a sentence of 135 months. *Id.* at 5. On July 24, 2009, Frazier was sentenced to the agreed upon 135 months imprisonment. ECF No. 559. At sentencing, Frazier objected to the Presentence Report's calculation of his criminal history, arguing that his probation had ended before he joined the gang. *See* ECF No. 1135-4 at 3-5 (sentencing transcript). The government agreed with Frazier, and the Court ordered the Report to be changed. *Id.* at 5.

Effective November 1, 2011, Sentencing Commission Amendment 750 retroactively changed the Guidelines for crack cocaine offenses. *See* U.S.S.G. Appendix C at 391-398 (2012); *see also* U.S.S.G. § 2D1.1(c) (2012). On September 24, 2012, the Federal Public Defender requested a reduction in Frazier's sentence under 18 U.S.C. § 3582(c)(2). The government has not responded.

II.  Analysis

Frazier seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2), states that a defendant "sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission," may seek a reduction in sentence, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (emphasis added).  The Sentencing Guidelines state that a reduction in sentence is permitted for crack cocaine under amendment 750.  *See* U.S.S.G. § 1B1.10(c) (2012).

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court, in a divided opinion, addressed retroactive Sentencing Guidelines under § 3582(c)(2) in the context of a C plea.  Although Justice Kennedy wrote for the plurality, the courts of appeal have read Justice Sotomayor's opinion, the narrowest ground of those justices concurring in the judgment, as controlling.[1]

In *Freeman*, Justice Sotomayor stated that a "term of imprisonment . . . pursuant to [a C plea] is 'based on' the

---

[1] *See, e.g., United States v. Thompson*, 682 F.3d 285, 289-90 (3d Cir. 2012); *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011), *cert. denied*, 133 S. Ct. 212 (2012); *United States v. Brown*, 653 F.3d 337, 340 & n.1 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 1003 (2012); *see also Marks v. United States*, 430 U.S. 188, 193-94 (1977) (test for deciding controlling opinion).

agreement itself, not on the judge's calculation of the Sentencing Guidelines" for purposes of a reduction under § 3582(c)(2). *Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment).

Justice Sotomayor identified two exceptions when a C plea is eligible for a sentence reduction: (1) when the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," and (2) when the "plea agreement . . . provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 2697.

The second exception applies "when a [C plea] *expressly uses* a Guidelines sentencing range to establish the term of imprisonment." *Id.* at 2698 (emphasis added). Justice Sotomayor reasoned that even though the district court used the Guidelines "as a yardstick in deciding whether to accept a (C) agreement[, that] does not mean that the term of imprisonment imposed by the court is 'based on' a particular Guidelines sentencing range." *Id.* at 2696.

The first exception in inapplicable here; the parties agreed to a 135 month sentence. *See* ECF No. 523 at 5.

The second exception is also inapplicable under the plea agreement. Although the Fourth Circuit has not considered facts

4

analogous to this case under *Freeman*, other courts of appeal have. In *Rivera-Martinez*, the plea agreement stated the base offense level and "walk[ed] through various guideline adjustments." *Rivera-Martinez*, 665 F.3d at 345-46. "Although the parties agreed to a 240-month sentence, the Agreement said nothing about either the defendant's criminal history category or his guideline sentencing range." *Id.* at 346. Without the criminal history range, the First Circuit was unable to identify a sentencing range from the plea agreement, and the defendant was ineligible for a reduction. *See id.* at 349-50. Similarly in *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012), "the plea agreement d[id] not contain any information about Austin's criminal history category," and there was no sentencing range on the face of the agreement. *Id.* at 930. Accordingly, Austin was ineligible for a reduction in sentence. *Id.*

Frazier's plea agreement disclaimed any "agreement as to [his] criminal history or criminal history category." ECF No. 523 at 4. The agreement similarly does not give a Guidelines sentencing range. *Cf. id.* at 4-5. Frazier is ineligible for reduction under § 3582(c)(2) because the plea agreement does not make clear that the agreed sentence was based upon a Guidelines calculation. *See Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring the judgment). Because the plea agreement was not based on his criminal history calculation, Frazier is not

eligible for a sentence reduction. *See Austin*, 676 F.3d at 930; *Rivera-Martinez*, 665 at 345-46.

III. Conclusion

For the reasons stated above, the motion will be denied.

_____1/29/13_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge